UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ALFREDO ZAMBRANO RODRIGUEZ,

Petitioner,

v.

WARDEN, BLUEBONNET DETENTION FACILITY, [1]

Respondent.

No. 1:26-CV-00454-H

**ORDER**

Petitioner Alfredo Zambrano Rodriguez, a self-represented immigrant detainee proceeding *in forma pauperis*, filed a habeas petition to challenge his detention pending immigration proceedings. Dkt. No. 1. He also filed an emergency motion for temporary restraining order, seeking to preserve the Court's jurisdiction by preventing his transfer to a different facility while his habeas petition is pending and for 72 hours' advance notice of any transfer. Dkt. No. 5. As explained below, the emergency motion is denied.

## 1. Legal Standard

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Facility is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

**2. Analysis**

First, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He included a declaration made under penalty of perjury with his petition, but he did not include one in his emergency motion or allege specific facts

that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving the respondent the opportunity to be heard.

Next, the Court finds that Petitioner has not met the required elements for a TRO. He has not pled any facts to show that he faces a substantial threat of serious harm, that the balance of hardships weighs in his favor, or that the requested TRO will serve any public interest. He asks the Court to prevent his transfer outside the Northern District of Texas while this case is pending or, alternatively, 72 hours' advance written notice before any transfer. But he pleads no facts to show that his transfer is imminent. And, to the extent he seeks to enjoin his transfer to a different facility in order to preserve the Court's jurisdiction, his request is denied as unnecessary. Petitioner's transfer will not affect the Court's jurisdiction. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). Thus, the Court denies the motion for TRO.

This habeas petition remains pending, and the Court will enter a separate order requiring Respondent to file a prompt response and setting a briefing schedule.

So ordered.

Dated September 14, 2026.



James Wesley Hendrix
United States District Judge